UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JONATHAN T. HOUSTON** | * | **CIVIL ACTION NO.  14-3193** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **FEDEX EXPRESS** | * | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

On November 5, 2014, plaintiff pro se, Jonathan Houston, filed the instant suit under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., against his employer FedEx Express following an incident that occurred on January 11, 2011.[1]  On March 11, 2015, however, the Clerk of Court issued a Notice of Intent to Dismiss because of plaintiff's failure to perfect and file a return of service within 120 days after suit was filed.  (Notice [doc. # 6]).

In response to the notice, plaintiff filed a motion for extension of time to perfect service on March 25, 2015.  [doc. # 6].  Two days later, the court granted plaintiff's motion and accorded him an additional 60 days to serve defendant.  (March 27, 2015, Order [doc. # 7]).

Nevertheless, plaintiff again failed to file proof of service within the extended deadline. Accordingly, the Clerk issued another Notice of Intent to Dismiss on August 25, 2015, which prompted plaintiff to file another motion for extension of time to perfect service on September 9, 2015. [doc. #s 8-9].  The court granted plaintiff's motion, and accorded him an additional 30 days to perfect service.  (Sept. 10, 2015, Order [doc. # 10]).  The court cautioned that no further

---

[1] On August 5, 2014, the EEOC issued Houston a right to sue letter in which it noted that it was closing the file because Houston had not timely filed his charge with the EEOC. (Dismissal and Notice of Rights; Compl., Exh.).

extensions would be granted in the absence of good cause shown. *Id*. However, the latest deadline has lapsed, with no response or return of service filed by plaintiff.

## LAW AND ANALYSIS

In the absence of good cause, "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must dismiss* the action without prejudice against that defendant . . ." Fed.R.Civ.P. 4(m) (emphasis added). Here, plaintiff filed the instant suit almost one year ago. Moreover, there currently is no expectation or reasonable likelihood that he intends to perfect service against defendant. *Contrast Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008). Plaintiff also has not demonstrated any basis which would establish good cause for his continued failure to timely effect service.[2]

The undersigned further observes that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice" – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir.

---

[2] "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011 (5th Cir. 1990). Moreover, "the claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'" *Id.* (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)).

While the court is cognizant of plaintiff's *pro se* status, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan, supra*. In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal that is effectively *with prejudice* are satisfied in this case. As discussed above, plaintiff has ignored at least one court order. Further, because plaintiff is proceeding in forma pauperis in this matter, he likely does not enjoy the financial resources to fund an alternative monetary sanction.[3] Moreover, dismissal of the case may be the least sanction where, as here, plaintiff is not actively pursuing his cause of action. Finally, plaintiff's unrepentant flaunting of court orders[4] reflects his own contumaciouness or "stubborn resistance to authority"[5] which is personally attributable to him as a pro se litigant. Accordingly,

IT IS RECOMMENDED that the instant complaint be DISMISSED, without prejudice. Fed.R.Civ.P. 4(m); LR 41.3W.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have

---

[3] *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

[4] This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[5] *See Millan, supra*.

**fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 3rd day of November 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE